## Commonwealth v. Runkle

*George M. Hess, Jr.*, for Commonwealth.

WILLIAMS, P. J., November 21, 1957. — Floyd E. Runkle has been charged with operating a motor vehicle without proper inspection, this contrary to section 823, subsec. (H), art. 8, of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §431. This act provides that it is unlawful to operate any motor vehicle on a highway unless the motor vehicle is inspected and has a certificate of inspection properly displayed. Defendant has appealed to this court.

The testimony discloses that defendant works for a Williamsport automobile dealer and had purchased an automobile in New York State, that he was bringing the automobile to the city, and according to his testimony, had left New York State after the inspection stations en route were closed for the day.

If we were to apply the law strictly, defendant was guilty as soon as he drove his automobile from New York State into Pennsylvania. This would mean, however, that no automobile purchased in New York State that had not previously been inspected in Pennsylvania could be legally driven into the Commonwealth of Pennsylvania unless there would be an inspection station on the border between the two States. The Bureau of Motor Vehicles recognizes that the law cannot be construed strictly in the case of bringing an automobile from one State to another because instructions from this bureau to police officers direct or suggest that inspection of out-of-State cars should be made at the inspection stations nearest the border.

It has been the practice of State police officers to allow Williamsport automobile dealers to operate newly purchased automobiles from New York State to Williamsport without being inspected until they arrive in the city. We are also of the opinion that in the instant case it would have been impossible for the automobile

involved to be inspected en route unless defendant's employer had waited over night in New York State.

We, therefore, are of the opinion that this violation is a technical violation.

And now, November 21, 1957, defendant is found not guilty, costs on the county.